IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROSA CRUZ,

    Plaintiff,

v.                                                           Civil Action No. 3:15cv257

KRISPY KREME DOUGHNUT CORPORATION
and
ELIZABETH COLEMAN, Manager,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Rosa Cruz's Motion to Remand. (ECF No. 15.) Cruz contends that the lack of subject matter jurisdiction, specifically diversity jurisdiction, in this case warrants remand to state court: Plaintiff Cruz and Defendant Elizabeth Coleman share Virginia citizenship, such that complete diversity does not exist.[1] (Mot. Remand ¶ 2, ECF No. 15.) Defendants Krispy Kreme Doughnut Corporation ("KKDC") and Elizabeth Coleman (collectively, "Defendants") responded, and Cruz replied. (ECF Nos. 19, 23.) The materials before the Court adequately present the facts and legal contentions, and oral argument would not aid the decisional process. This matter is now ripe for disposition.

For the reasons stated below, the Court DENIES the Motion to Remand and DISMISSES Coleman as fraudulently joined. No possibility exists that Cruz could recover against Coleman in state court based on the allegations against Coleman in the Complaint. Therefore, upon

---

[1] Cruz identified additional reasons to support remand, but those other arguments are moot based on the Plaintiff's withdrawal of her motion for sanctions. (ECF No. 30.)

dismissal of Coleman, complete diversity exists between the remaining parties, and this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[2]

## I. Standard of Review

### A. Removal Jurisdiction

Title 28, United States Code § 1441(a)[3] permits a defendant to remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Section 1446 delineates the procedure for removal, including the requirement that the defendant file a notice of removal in the district court and the state court. *See generally* 28 U.S.C. § 1446(a), (d). The state court loses jurisdiction upon the removal of an action to federal court. 28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is remanded.").

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 3:11cv182-HEH, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe

---

[2] The amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332(a).

[3] Section 1441(a) provides in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151.) "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151.)

Federal diversity jurisdiction requires complete diversity of citizenship. *Id.* at *2 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)); *see also* 28 U.S.C. § 1332(a)(1). "[T]he 'citizenship of each plaintiff [must be] diverse from the citizenship of each defendant.'" *Abraham*, 2011 WL 1790168, at *2. (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (second alteration in original)).

B. <u>The Fraudulent Joinder Doctrine</u>

The fraudulent joinder doctrine operates as an exception to the complete diversity requirement, permitting a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, and dismiss the nondiverse defendants, thereby retaining jurisdiction. *Id.* (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (alteration in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Id.* The Court is not bound by the allegations in the pleadings, but can consider the entire record. *Mayes*, 198 F.3d at 464.

C.  **Remand**

Title 28, United States Code § 1447(c) governs the remand to state court of removed actions, and provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The 30-day deadline in § 1447(c) does not apply when a party seeks remand based on a lack of subject matter jurisdiction, as is the case here. *Id.*

## II. Factual and Procedural Background

A.  **Factual Background**

This personal injury negligence action, and its companion case *Rufino Cruz Cortez v. Krispy Kreme Doughnut Corp.*, No. 3:15cv258 (E.D. Va. filed Apr. 24, 2015) ("*Cortez*"), arise from an April 3, 2012 accident at a Krispy Kreme store located at 4910 West Broad Street in Henrico County, Virginia ("the Store"). On that date, Krispy Kreme contracted with two companies, not parties to this action, for Cruz and Cortez to paint the Store exterior. Cortez painted the exterior of the Store while Cruz held the ladder Cortez stood on. "The ladder which . . . Cruz was holding and which . . . Cortez was standing upon while painting, was located approximately 20 feet from the 6 lane traffic on West Broad Street in front of [the Store]." (Compl. ¶ 8.) "The ladder stood in the path of the drive-thru lane and adjacent to the entrance to [the Store] from West Broad Street." (*Id.*)

While Cruz and Cortez worked at the Store on April 3, 2012, "a car veered off West Broad Street, crossing lanes of traffic and crossing the parking area to the front of [the Store], proceeding to strike . . . Cruz who had her back turned to the car while she was holding the ladder, causing serious injury to her as she was struck by the front of the vehicle and landed onto

4

the hood of the vehicle while . . . Cortez was thrown from the top of the ladder onto the drive-thru lane to the asphalt below." (*Id.* ¶ 10.) Cruz and Cortez suffered injuries and "were both taken by ambulance to the Medical College of Virginia for treatment." (*Id.* ¶ 11.) Cruz's injuries include: subarachnoid hematoma, multiple fractures to her face, traumatic brain injury, loss of memory, concussion syndrome, and other neurological injuries and cognitive defects.

The Complaint asserts that the Defendants negligently maintained the Store premises, including failing to: (1) limit access to the parking lot and Store entrance while Cruz and Cortez worked; (2) place barriers, signs, and other indications to preclude anyone from entering the Store while Cruz had her back to the street; (3) foresee that serious injury might result from allowing Cruz and Cortez to work in the front of the Store and next to a major street without signage indicating the presence of workers; and, (4) block off the entrance to the Store while Cruz and Cortez worked. Cruz seeks $1,000,000 in compensatory damages for the injuries she suffered as a result of Defendants' negligence.

B.  **Procedural History**

On April 24, 2015, Defendants removed this personal injury negligence action from the Circuit Court for the City of Richmond to this Court. (ECF No. 1.) Since removal, Cruz has placed numerous motions before this Court, but, ultimately, has withdrawn all except this Motion to Remand. (*See* ECF No. 30.)

On May 29, 2015, Cruz filed her Motion to Remand. (ECF No. 15.) Defendants responded, and Cruz replied. (ECF Nos. 19, 23.)

### III. Analysis

In this case, no possibility exists that Cruz would be able to establish a cause of action in state court, under Virginia law,[4] against Coleman. *Hartley*, 187 F.3d at 424. Defendants satisfy the heavy burden required to establish fraudulent joinder, even after resolving all issues of law and fact in Cruz's favor. *Id.*

"Under Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of employee of the owner or operator, he or she is guilty of an omission." *Berry v. SeaWorld Parks & Entm't LLC*, No. 4:14cv152, 2015 WL 1119942, at *3 (E.D. Va. Mar. 11, 2015) (quoting *Beaudoin v. Sites*, 886 F. Supp. 1300, 1303 (E.D. Va. 1993); *Harris v. Morrison, Inc.*, 32 Va. Cir. 298, 298–99 (1993) ("An employee may be liable for his [or her] own misfeasance (i.e., performance of an affirmative act done improperly), but not for his [or her] own nonfeasance (i.e., omission to do some act which ought to be performed).").[5]

"Both state and federal courts have found that, under Virginia law, a plaintiff who alleges only an employee's failure to detect, remove, or warn of a danger has failed to state a claim of misfeasance for which the employee may be personally liable." *Hall v. Walters*, No. 3:13cv210,

---

[4] A court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938).

[5] In *Berry*, the defendant removed the plaintiff's negligence action arising from a slip and fall at Busch Gardens in Williamsburg. *Berry*, 2015 WL 1119942, at *1. The plaintiff "fell off an unprotected and invisible drop off on the right side of the walkway right next to" the monitoring position of a John Doe defendant. *Id.* The plaintiff alleged the John Doe defendant "was inattentive and failed to warn, guide, prevent, or in any way keep" the plaintiff from falling over the edge. *Id.* The Court noted the Complaint "does not allege John Doe performed any affirmative act of negligence." *Id.* at *3. While indicating that the defendant's "argument of fraudulent joinder may apply to this Complaint should discovery reveal John Doe is a Virginia resident," the *Berry* court ultimately deferred ruling on the specific issue of fraudulent joinder to permit discovery of John Doe's citizenship. *Id.* at *3.

2013 WL 3458256, at *4 (E.D. Va. July 9, 2013). However, an allegation that a store employee actually caused the dangerous condition asserts a claim of misfeasance sufficient for the possibility of liability. *Id.* (granting motion to remand and finding that allegation that store employee actually caused a dangerous condition – a green bean to be on the floor while working in the produce area – asserted a claim of misfeasance for which recovery in state court was at least possible).

Unlike the allegations of affirmative action in *Hall*, Cruz alleges only that Coleman failed to act. The Complaint does not allege Coleman affirmatively acted to create a dangerous condition in any way. Indeed, the Complaint does not even allege that Coleman was present at the Store at the time of the accident.[6] Because the Complaint alleges Coleman failed to act, and does not allege any affirmative acts, no possibility exists that Cruz could establish a cause of action against Coleman in state court. *Berry*, 2015 WL 1119942, at *3; *Beaudoin*, 886 F. Supp. at 1303; *Harris*, 32 Va. Cir. at 298–99. Coleman is thus fraudulently joined. The Court disregards her citizenship for diversity purposes, dismisses her from the case, and retains jurisdiction over the remaining diverse parties, Cruz and KKDC.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand. (ECF No. 15.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 10-13-15

---

[6] The Complaint alleges Coleman "was the manager of [the Store] on April 3, 2012." (Compl. ¶ 4.) No allegations exist that Coleman was present at the Store in her capacity as manager on April 3, 2012 and at the time of the accident.